IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TABITHA TOTAH,<br><br>      Plaintiff,<br><br>  v.<br><br>DONALD BIES, and Does 1-20, inclusive,<br><br>      Defendant.<br>_____/ | No. C 10-05956 CW<br><br>ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO DISMISS (Docket Nos. 25 & 10) |

    On October 18, 2010, Plaintiff Tabitha Totah filed suit against a former business associate, Defendant Donald Bies, in San Francisco Superior Court, alleging various causes of action, including a claim for defamation.  Subsequently, Bies removed the action to federal court based on federal enclave jurisdiction. Bies moves to dismiss Totah's action, Docket No. 10, while Totah moves to remand the case to state court.  Docket No. 25.  Having considered all of the parties' submissions, the Court DENIES Totah's motion to remand, and DENIES Bies' motion to dismiss.

BACKGROUND

This action arises from the termination of Totah's employment with Lucasfilm Entertainment Company Ltd. in March, 2009. Lucasfilm is located on the Presidio, a federal enclave. Totah's termination was the basis for her prior action against Lucasfilm, alleging workplace discrimination, harassment and other causes of action, Totah v. Lucasfilm Entertainment Company Ltd., Case No. 3:09-cv-4051 MMC (Lucasfilm action).[1] Totah attempted to amend her complaint in the Lucasfilm action to add this claim, but her motion to amend was denied. On December 16, 2010, the court granted summary judgment for Lucasfilm.

Prior to her termination, Totah worked closely with Bies, an independent contractor for Lucasfilm. In the present case, Totah alleges that Bies defamed her by telling her supervisors, among other things, that she was sexually promiscuous.

LEGAL STANDARD

I. Motion to Remand

A defendant may remove a civil action filed in state court to federal district court so long as the district court could have

---

[1] The Court grants Bies' Requests for Judicial Notice of Exhibit A, the Complaint for Damages in Totah v. Lucasfilm Entertainment Company Ltd., Case No. 09-cv-4051 MMC; Exhibit B, August 9, 2009 Order Denying Plaintiff's Motion for Leave to File First Amended Complaint in Totah v. Lucasfilm Entertainment Company Ltd.; Exhibit C, December 16, 2010 Order Granting Defendant's Motion for Summary Judgment, and Exhibit D, Audio Transcription of EDD Hearing Before Administrative Law Judge A. Bercerril, June 18, 2009.  Docket No. 11.

exercised original jurisdiction over the matter. 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1447(c) provides that if, at any time before judgment, it appears that the district court lacks subject matter jurisdiction over a case previously removed from state court, the case must be remanded. On a motion to remand, the scope of the removal statute must be strictly construed. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. Courts should resolve doubts as to removability in favor of remanding the case to state court. Id.

II. Motion to Dismiss

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986). However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere

3

conclusory statements," are not taken as true.  Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Twombly, 550 U.S. at 555).

DISCUSSION

I. Motion to Remand

The United States acquired exclusive jurisdiction over the Presidio in 1897, establishing it as a federal enclave.  Cal. Stat. 1897, p. 51; see Swords to Plowshares v. Kemp, 423 F. Supp. 2d 1031, 1034-36 (N.D. Cal. 2005).  Federal law governs on a federal enclave, along with state laws, not inconsistent with federal policy, enacted before the federal enclave was established.  Paul v. United States, 371 U.S. 245, 263-64 (1963); Macomber v. Bose, 401 F.2d 545, 546 (9th Cir. 1968).  California adopted the tort of defamation prior to ceding the Presidio to the United States.  Accordingly, state defamation law applies in the Presidio, is assimilated into federal law, and this Court has jurisdiction over defamation claims arising on the Presidio. Macomber, 401 F.2d at 546 ("Rights arising under such assimilated law, arise under federal law and are properly the subject of federal jurisdiction."); 28 U.S.C. § 1331.

Totah argues that her defamation claim did not arise on the Presidio.  "In a defamation action, the place of publication--the last event necessary to render the tortfeasor liable--is, for venue purposes, the place of the wrong."  Lamontagne v. Craig, 632 F. Supp. 706, 708 (N.D. Cal. 1986).  Thus, because "'publication,'

4

in libel law, connotes the communication of defamatory material to a third person, it is self-evident that the substance and consummation of the tort occurs when and where the third person receives, reads, and comprehends the libelous matter." Id. at 709 (citing Black's Law Dictionary, at 1105 (5th Ed. 1979) (internal quotation marks omitted). Totah's complaint does not allege any specific location where the defamatory statements were published, but she does claim that Bies defamed her to Howard Roffman, President of Lucasfilm. Roffman testified that Bies' statements and opinions regarding Totah were relayed to him by telephone, and he heard these comments while he was working at Lucasfilm, located on the Presidio. Decl. of Howard Roffman in Support of Notice of Removal, at 2. Therefore, because Roffman heard the allegedly defamatory statements while he was on a federal enclave, the Court has jurisdiction over Totah's claim. Lawler v. Miratek Corp., 2010 U.S. Dist. LEXIS 18478, at *17 (W.D. Tex.) (denying motion to remand claims where defamatory statements were published on federal enclave).

Totah's efforts to defeat this straightforward application of jurisdictional law are unavailing. That Lamontage was an admiralty case does not render inapposite its recitation of defamation law. Lamontage relied on non-admiralty cases for its statement of defamation law. See also, Wells v. Liddy, 186 F.3d 505, 521-22 (4th Cir. 1999) ("In defamation actions, the place of the harm has traditionally been considered to be the place where

5

the defamatory statement was published, i.e., seen or heard by non-parties.").

Totah asserts that her claims that the allegedly defamatory statements were republished off-site from the Presidio defeat federal jurisdiction. Even if the purportedly defamatory statements were republished off-site, because the Court has jurisdiction over the claim based on Roffman's testimony, the Court may exercise supplemental jurisdiction over related claims, pursuant to 28 U.S.C. § 1367(a). The off-site defamatory statements Totah seeks to assert form part of the same "case or controversy." Anderson v. Crown Cork & Seal, 93 F. Supp. 2d 697 (E.D. Va 2000), is inapposite. It did not involve allegations of defamation, but instead addressed whether a vessel standing alone may be a federal enclave, and whether ongoing exposure to asbestos, which occurred on a vessel that was at some points in a federal enclave, and other times not, was sufficient to give rise to federal jurisdiction.

Totah argues that her lawsuit is not subject to removal because the common law tort of defamation was recognized in California before 1897. However, this fact means that state defamation law is applicable on a federal enclave; it does not mean that this Court does not have jurisdiction. Cooper v. Southern California Edison Company, 2006 U.S. App. LEXIS 11897 (9th Cir.) and Valdez v. Percy, 35 Cal. App. 2d 485 (1939), do not support remanding the case. Cooper affirms that the federal

6

enclave doctrine bars a claim under the California Fair Employment and Housing Act, which was enacted after the United States acquired Camp Pendleton in 1941, but cites Valdez to establish that the state claim of assault and battery predates the enclave's establishment, and therefore an assault and battery claim can be brought in federal court based on conduct on a federal enclave.

II. Motion to Dismiss

Totah's complaint against Bies initially alleged three causes of action: (1) defamation, (2) fraud and (3) intentional infliction of emotional distress.  The Court granted the parties' stipulation to dismiss with prejudice Totah's fraud and emotional distress claims.  Docket No. 19.  Bies seeks dismissal of the remaining claim for defamation based on the statute of limitations.  Under California Code of Civil Procedure § 340(c) a one-year statute of limitations applies to actions for defamation. A claim for defamation accrues at the time the defamatory statement is published or communicated to a third person.  Shively v. Bozanich, 31 Cal. 4th 1230, 1247 (2003).

The complaint avers that the allegedly defamatory statements about Totah were published in December, 2008 and February, 2009. In February, 2009, Totah's supervisors informed her about Bies' statements regarding her alleged sexual promiscuity and other unprofessional conduct, without disclosing his identity.  On February 26, 2009, after her conversation with her supervisors, Totah spoke with Bies by phone and asked him whether he was

7

responsible for the accusations.  At the time Bies denied having made such statements.  Totah asked Bies repeatedly whether he had made the comments, and he continued to deny responsibility. Shortly thereafter Lucasfilm terminated Totah.  Totah filed suit against Lucasfilm on July 30, 2009, asserting various claims, including causes of action under Title VII and the California Fair Employment and Housing Act.  On February 24, 2010, Totah took Bies' deposition, during which he admitted that he made the statements in question.  On October 18, 2010 Totah filed the present action against Bies in San Francisco Superior Court.

Bies argues that the one-year statute of limitations began to run in February, 2009.  Totah's complaint does not allege a specific date when she learned about the defamatory statements, but she certainly knew of them by February 26, 2009, when she allegedly questioned Bies about whether he was responsible for the comments and he denied it.  Thus, absent relief from tolling, the statute of limitations period would have begun to run on February 26, 2009, and expired on February 26, 2010, eight months before this lawsuit was filed.

Totah, however, argues that under the law of fraudulent concealment established in Bernson v. Browning-Ferris Industries, 7 Cal. 4th 926 (1994), the running of the statute of limitations should be tolled and Bies should be estopped from relying on the statute of limitations.  Bernson held that "a defendant may be equitably estopped from asserting the statute of limitations when,

8

as the result of intentional concealment, the plaintiff is unable to discover the defendant's actual identity." 7 Cal. 4th at 936.[2]

In Bernson the plaintiff was a Los Angeles City Councilmember who discovered a defamatory dossier circulating amongst local media outlets. 7 Cal. 4th at 928-30. The councilmember secured a copy of the report, but did not immediately learn the author's identity. After receiving information that a certain firm had produced the dossier, the councilmember contacted the firm's attorney. The attorney denied any knowledge of the report or its source, and days later sent a letter denying his client's involvement, direct or indirect, in the report's preparation. The councilmember accepted these representations and did not file suit. More than a year after the councilmember learned about the report, another source informed him that a person wrote the dossier on behalf of the same firm that the councilmember had earlier suspected. The councilmember concluded that the prior representations of non-involvement were false and, within one year of learning that additional information about the source of the report, he filed suit.

---

[2] While Bernson addressed the availability of equitable estoppel where the defendant allegedly concealed his identity, the court at times referred to equitable tolling. Equitable estoppel generally focuses on the defendant's wrongful conduct, whereas the doctrine of equitable tolling generally focuses on the plaintiff's excusable ignorance of the limitations period and the lack of prejudice to the defendant. Naton v. Bank of California, 649 F.2d 691, 696 (9th Cir. 1981); see also Cordova v. 21st Century Ins. Co., 29 Cal. App. 4th 89, 96 (2005). This Court will refer to equitable estoppel.

9

The court did not decide whether the defendant's concealment warranted equitable estoppel but it established a new rule of law--that a defendant may be equitably estopped when, as the result of the defendant's intentional concealment, the plaintiff is unable to discover the defendant's actual identity. Id. at 936-37. The court remanded the case for a trial court determination of whether the facts warranted equitable estoppel under the new rule. Id. at 937. In addition to holding that intentional concealment may justify equitable estoppel, Bernson established a standard "emphasizing the burden on the plaintiff to demonstrate reasonable diligence, including the filing of a complaint against known defendants." Id. at 937. The court held that "the statute will toll only until such time that the plaintiff knows, or through the exercise of reasonable diligence should have discovered, the defendant's identity," explaining that "a plaintiff may not disregard reasonably available avenues of inquiry which, if vigorously pursued, might yield the desired information." Id. at 936. The court stated, "One factor which must be considered pertinent to the diligence inquiry is whether the filing of a timely Doe complaint would, as a practical matter, have facilitated the discovery of the defendant's identity within the requisite three-year period for service of process." Id. at 937. Thus, "[w]here the identity of at least one defendant is known . . . the plaintiff must avail himself of the opportunity to file a timely complaint naming Doe defendants and take

10

discovery. . . [but] where the facts are such that even discovery cannot pierce a defendant's intentional efforts to conceal his identity, the plaintiff should not be penalized."  Id.

Just as the defendant in Bernson directly denied authoring the defamatory dossier, Totah alleges that Bies repeatedly and emphatically denied making the accusations against her.  On July 30, 2009, Totah filed suit against Lucasfilm and Doe defendants.  During the course of this litigation she had the opportunity to and did depose Bies.  During this deposition Totah learned that Bies was the source of the accusations.  Totah attempted to amend her complaint to add a claim for defamation against Bies, but her motion was denied.

Under the reasoning in Bernson, Bies is barred from using the statute of limitations as "a sword rather than a shield" where he has "intentionally cloaked [his] identity," but Totah is also required to have exercised diligence in discovering the source of the allegedly defamatory comments.  Id. at 935.  Thus, Bies is estopped from asserting the statute of limitations for the time period that he misled Totah until after the date discovery became available as a means to learn the source of the defamatory comments.  Totah initially filed suit in California state court.  Under California law, the earliest a plaintiff may notice a deposition without leave of court is twenty days after the service of the summons on any defendant.  Cal. Code Civ. Proc. § 2025.210(b).  Furthermore, an oral deposition must be scheduled

11

for a date at least ten days after service of the deposition notice. Cal. Code Civ. Proc. § 2025.270(a).[3] Summons was served on Lucasfilm on August 3, 2009. Accordingly, Bies is estopped from asserting the statute of limitations for the time period up to September 2, 2009, the earliest date when Totah could have learned through discovery, the source of the allegedly defamatory comments.

However, on September 1, 2009, Lucasfilm removed the action to federal court. As a result, the Federal Rules of Civil Procedure governed the course of discovery from that date. Federal Rule of Civil Procedure 26(d)(1) provides that a party may not "seek discovery" from any source before the parties have conferred as required by Federal Rule of Civil Procedure 26(f). In the Lucasfilm action, the parties held their Rule 26(f) conference on November 16, 2009. Case No. 3:09-cv-4051 MMC, Docket No. 13. Rule 30(b) further provides that a party seeking to depose a person by oral questions must give reasonable notice.[4]

---

[3] Under California law a plaintiff may propound interrogatories or a request for the production of documents to a party without leave of court at any time ten days after the service of summons, or appearance by that party, whichever occurs first. Cal. Code Civ. Proc. §§ 2030.020; 2031.020. The responding party must do so within thirty days after service of the discovery requests. Cal. Code Civ. Proc. §§ 2030.020; 2031.260.

[4] The Federal Rules of Civil Procedure require a party to whom a request for documents or interrogatories is directed to respond in writing within thirty days after being served. Fed. R. Civ. P. 34(b)(2), 33(b)(2).

12

Thus, Bies is estopped from asserting the statute of limitations defense based on the time period prior to the date when discovery became available to Totah under the Federal Rules of Civil Procedure--a reasonably noticed deposition date after November 16, 2009.

Totah filed her action against Bies in state court on October 18, 2010, 336 days after the parties held their Rule 26(f) conference, opening the period for discovery.  Therefore, dismissal of Totah's complaint against Bies pursuant to the statute of limitations is unwarranted.

## CONCLUSION

The Court denies Totah's motion to remand, Docket No 25, and denies Bies' motion to dismiss, Docket No. 10.

IT IS SO ORDERED.

Dated: 4/6/2011

CLAUDIA WILKEN
United States District Judge