1  Angela Alioto (S.B.N. 130328)
   Steven L. Robinson (S.B.N. 116146)
2  **THE LAW OFFICES OF JOSEPH L.
   ALIOTO & ANGELA ALIOTO**
3  700 Montgomery St.
   San Francisco, Ca. 94111
4  Telephone (415) 434-8700
   Facsimile (415) 438-4638
5

6
   Attorneys for Plaintiff TABITHA TOTAH
7

8
                    UNITED STATES DISTRICT COURT
9
                   NORTHERN DISTRICT OF CALIFORNIA
10

11
   **TABITHA TOTAH,,**              )   Case No.  C-10-05956-cw
12                                   )
        Plaintiff,                   )
13                                   )   **STIPULATION OF THE PARTIES
                                     )   FOR PLAINTIFF TO FILE FIRST
14      vs.                          )   AMENDED COMPLAINT**
                                     )
15                                   )
                                     )
16                                   )
                                     )
17 **DONALD BIES**,                  )
                                     )
18      Defendant.                   )
                                     )
19                                   )
                                     )
20  _____  )

21
        Plaintiff TABITHA TOTAH and Defendant DONALD BIES having met and
22
   conferred, through their respective counsel, do hereby stipulate as follows:
23
        That leave  for Plaintiff to file her First Amended Complaint in this matter be
24
   granted.
25

26

27

28
   Totah v. Bies, C-10-05956-cw
   Stipulation For Leave to File First Amended Complaint

Filed with this stipulation is the proposed pleading and a proposed order.

IT IS SO STIPULATED

Date: April 27, 2011  THE LAW OFFICES OF JOSEPH L. ALIOTO & ANGELA ALIOTO

/s/
_____
By: Steven L. Robinson
Attorneys for Plaintiff

Date: April 27, 2011  THE MILLER LAW GROUP

/s/
_____
By: Janine Simerly
Attorneys for Defendant

1 Angela Alioto (S.B.N. 130328)
Steven L. Robinson (S.B.N. 116146)
2 **THE LAW OFFICES OF JOSEPH L.
ALIOTO & ANGELA ALIOTO**
3 700 Montgomery St.
San Francisco, Ca. 94111
4 Telephone (415) 434-8700
Facsimile (415) 438-4638

Attorneys for Plaintiff TABITHA TOTAH

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TABITHA TOTAH,,**<br><br>    Plaintiff,<br><br>    vs.<br><br>**DONALD BIES**,<br><br>    Defendant. | Case No.  C-10-05956-cw<br><br>[~~PROPOSED~~] **ORDER GRANTING PLAINTIFF LEAVE TO FILE FIRST AMENDED COMPLAINT** |

    This Court has received the stipulation of the parties that Plaintiff be granted leave to file a First Amended Complaint.

    Upon review of the stipulation, the proposed pleading and for good cause, this

1  Court hereby grants Plaintiff leave to file her First Amended Complaint.

2         IT IS SO ORDERED

3  Date:  4/27/2011

_____
Claudia Wilken
United States District Judge

1  Angela Alioto (S.B.N. 130328)
   Steven L. Robinson (S.B.N. 116146)
2  **THE LAW OFFICES OF JOSEPH L.
   ALIOTO & ANGELA ALIOTO**
3  700 Montgomery St.
   San Francisco, Ca. 94111
4  Telephone (415) 434-8700
   Facsimile (415) 438-4638
5

6  Attorneys for Plaintiff TABITHA TOTAH

7
                    **UNITED STATES DISTRICT COURT**
8
                    **NORTHERN DISTRICT OF CALIFORNIA**
9

10
    **TABITHA TOTAH,**                )    Case No.  C-10-05956-cw
11                                     )
         Plaintiff,                    )
12                                     )    FIRST    AMENDED    COMPLAINT
                                       )    FOR DAMAGES
13                                     )
         vs.                           )
14                                     )
                                       )
15                                     )
                                       )
16  **DONALD BIES**,                   )
                                       )
17       Defendant.                    )
                                       )
18                                     )
                                       )
19                                     )
    _____ )
20

## I. JURISDICTION

1. This action was initiated in the Superior Court of California. Defendant DONALD BIES removed this action pursuant to 28 U.S.C. Sect 1441(b). This Court has previously decided that it has jurisdiction over this matter, pursuant to 28 USC Sect 1331, on the basis of an apparent Federal question due to the fact that at least some of the acts here at issue may have occurred at or in connection with a federal enclave.

## II. STATEMENT OF FACTS

2. At all pertinent times mentioned in this complaint, Plaintiff TABITHA TOTAH was an employee and/or former employee of Lucasfilm Licensing.
3. At all pertinent times mentioned in this complaint, Defendant BIES was an independent contractor and customer/partner of Lucasfilm Licensing and responsible for the illegal acts set forth herein.
4. At certain times mentioned herein, TOTAH and BIES traveled together, including internationally, on business for Lucasfilm.
5. On or about March 6, 2010, TOTAH was terminated from her job of five years with Lucasfilm based in part on allegations made by BIES. Those allegations were:
    a. That TOTAH was sexually promiscuous;
    b. That TOTAH had the reputation of being sexually promiscuous:
    c. That TOTAH "was a bad representative of Lucasfilm";
    d. That TOTAH "missed meetings" while traveling on Lucasfilm business;
    e. That TOTAH was responsible for problems with a text panel at the exhibit in Korea;
    f. That TOTAH "partied too much"; and
    g. That TOTAH "drank too much."
6. The other basis for TOTAH's termination from employment was caused by her attempt to determine the source of the allegations contained in Paragraph 5.
7. The allegations contained in paragraph 5 supra were and are false. These allegations

1 were false and were known by BIES to be false.

8. BIES published the allegations contained in paragraph 5 to Stacy Cheregotis at a picnic/barbeque held at her home, which is outside of the San Francisco Presidio.

9. Cheregotis communicated the allegations contained in paragraph 5 to Howard Roffman, the President of Lucasfilm Licensing.

10. BIES repeated the allegations contained in paragraph 5 to Howard Roffman in a telephone call. As a result of that communication, a decison was made to discipline TOTAH. When TOTAH was disciplined, she was advised of substantive parts of the allegations contained in Paragraph 5, but not the source of the allegations.

11. In February, 2009, TOTAH asked BIES whether he was the source of the allegations that had led to her discipline, as described in Paragraph 10. BIES said "no," misrepresenting his prior communications with Cheregotis and Roffman. In response to BIES denial, TOTAH apologized. TOTAH never brought up the issue with BIES again.

12. On or about February 24, 2010, TOTAH learned that BIES had lied to her and had defamed her by communicating the allegations contained in Paragraph 5 supra. TOTAH had sued her employer, Lucasfilm Licensing for wrongful termination of employment and sexual harassment. In that lawsuit, TOTAH deposed BIES and it was in that deposition, on February 24, 2010, that BIES admitted being the source of the allegations contained in Paragraph 5 supra.

13. The defamatory statements contained in Paragraph 5 supra had been relayed by Cheregotis to Roffman and by Roffman to TOTAH's immediate supervisors at Lucasfilm Licensing. The statements were later published and foreseeably republished internally and externally. They were later discovered by TOTAH to have caused first, the discipline imposed upon her by Lucasfilm Licensing managers and then her wrongful and illegal termination.

14. Until BIES made the communications contained in Paragraph 5, TOTAH had an

excellent reputation in her trade or profession.

## III.                              FIRST CLAIM FOR RELIEF
[Defamation]

15. Plaintiff incorporates by reference all of the facts contained in paragraphs 1 through 14 with the same force and effect as if fully pleaded at length herein.

16. Defendant BIES made the allegations contained in Paragraph 5 supra, to at least two individuals other than Plaintiff, specifically Cheregotis and Roffman .

17. That the individuals to whom BIES had communicated the allegations contained in Paragraph 5 supra reasonably understood that the allegations were about TOTAH.

18. That the individuals to whom BIES had communicated the allegations contained in Paragraph 5 supra reasonably understood the allegation that TOTAH was sexually promiscuous and/or had the reputation for being sexually promiscuous to mean that TOTAH was sexually unchaste.

19. That the individuals to whom BIES had communicated the allegations contained in Paragraph 5 supra reasonably understood them as impugning TOTAH's job performance.

20. The above complained-of publications by Defendant BIES were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, her reputation, employment and employability. Defendant published these statements, not with an intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy her reputation. Therefore, no privilege existed to

protect the Defendant from liability for any of these aforementioned publications or republications.

21. As a proximate result of the publication and republication of these defamatory statements by Defendant, Plaintiff has suffered and continues to suffer injury to her personal, business and professional reputation.  As a result of the slanders by BIES, Plaintiff has lost employment and has lost and will lose employment opportunities, resulting in significant economic loss in the form of lost wages and future earnings. Accordingly, she is entitled to recovery compensatory damages in an amount according to proof at trial.

22. As a proximate result of the publication and republication of these defamatory statements by Defendant, Plaintiff has suffered  embarrassment, humiliation, severe emotional distress, shunning, anguish, and fear. Accordingly, she is entitled to recover damages for mental anguish in an amount according to proof at trial.

23. Defendant committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice, and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiffs rights. Plaintiff is thus entitled to recover punitive and exemplary damages from Defendant for these wanton, obnoxious, and despicable acts according to proof at the time of trial.

### DEMAND FOR JURY TRIAL

Plaintiff TABITHA TOTAH hereby demands trial of this matter by jury.

### PRAYER FOR RELIEF

Wherefore, Plaintiff TABITHA TOTAH prays for relief as follows:

1. For compensatory damages;

2. For monetary damages to compensate for the emotional distress suffered by TOTAH;

3. For punitive damages in an amount appropriate to punish Defendant for his wrongful and malicious conduct and to set an example for others;

4. For costs of suit incurred herein;, and

5. For such other relief that this Court may deem just and proper.

Date:                                              THE LAW OFFICES OF JOSEPH L. ALIOTO &
                                                   ANGELA ALIOTO


/s/
_____
By: Angela Alioto, Attorney for Plaintiff